## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
**AARON SARIS,**                                    )
                                                    )         **CIVIL ACTION**
                 **Plaintiff,**                     )
                                                    )         **NO. 19-40040-TSH**
**v.**                                              )
                                                    )
**FLAGSTAR BANK,**                                  )
                                                    )
                 **Defendant.**                     )
_____ )

### ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 14)

### August 15, 2019

**HILLMAN, D.J.**

Aaron Saris ("Plaintiff") sold his home and paid off his mortgage. Subsequently, a mortgage payment in the amount of $1,354.37 was erroneously debited form his bank account. He then filed this action against Flagstar Bank ("Defendant") alleging violations of Mass. Gen. Laws ch. 266 § 33 (Count I); Mass. Gen. Laws ch. 265 § 21 (Count II); Mass. Gen. Laws ch. 267 § 5 (Count III), Mass Gen. Laws ch. 106 § 5-109 (Count IV); and negligence (Count V). Defendant subsequently moved to dismiss all claims for failure to state a claim upon which relief can be granted. (Docket No. 14). For the reasons stated below, Defendant's motion is ***granted***.

### Background

Plaintiff formerly owned the property located at 42 Duxbury Road, Worcester, MA 01605. He held the property subject to a mortgage serviced by Cenlar FSB ("Cenlar"). Plaintiff transferred the property by quitclaim deed and the mortgage was then discharged.

Thereafter, Cenlar transferred servicing responsibilities for the mortgage to Defendant.  On or about December 1, 2018, Plaintiff's bank account was erroneously debited in the amount of $1,345.37 for a mortgage payment.  On January 14, 2019, Flagstar issued Plaintiff a reimbursement check for the misappropriated funds. (Docket No. 1-2, at 74).

## **Legal Standard**

A defendant may also move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the

other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

### Discussion

#### 1.  Counts I, II, III

Counts I, II, and III attempt to state causes of action based on Massachusetts criminal statutes: criminal larceny (Count I); stealing by confining or putting in fear (Count II); and uttering false or forged records (Count III).

Counts I, II, and III fail to state a claim because the criminal statues do not support civil causes of action. *See* Mass. Gen. Laws ch. 265; 266; 267; *see also Urbon v. JPMorgan Chase Bank, N.A.*, No. 12-cv-10303-RWZ, 2013 WL 1144917, at *4 (D. Mass. Mar. 18, 2013); *Harry v. Countrywide Home Loans, Inc.*, 219 F. Supp. 3d 228, 234-35 (D. Mass. 2016).

Thus, Counts I, II, and III fail to state a claim.

#### 2.  Count IV

Count IV pleads a violation of Mass. Gen. Laws. ch. 106 § 5-109.  That statute deals with the circumstances where an issuer must honor the presentation of a letter of credit despite forgery of a required document. Mass. Gen. Laws. ch. 106 § 5-109.

Here, Plaintiff alleges that Flagstar "submitted falsified documents making claim to funds for a non-existent loan . . . either thru an ACH (Auto Clearing House) or directly to Bank of America withdrawing funds from the Plaintiff's Account via a falsified an [sic] electronic signature

or authorization with information obtained from CENLAR." (Docket No. 1-2 ¶ 5). Plaintiff does not allege that Defendant honored or dishonored a letter of credit.[1]

### 3. Count V

Plaintiff alleges that Defendant was negligent. To state a claim for negligence under Massachusetts law, a plaintiff must allege: "(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *Primus v. Galgano*, 329 F.3d 236, 241 (1st Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to plausibly plead that Defendant owed him a duty of care. "The relationship between a borrower and lender does not give rise to a duty of care under Massachusetts law." *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 495 (1st Cir. 2013).[2]

### **Conclusion**

For the reasons stated above, Defendant's motion (Docket No. 14) is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] As Defendant notes, "[i]f any claim existed pursuant to this section, presumably, it would like against the issuer, who Plaintiff purports to be either 'an ACH (Auto Clearing House)' or 'Bank of America.'" (Docket No. 15, at 6).

[2] It is also worth noting that Defendant has already reimbursed Plaintiff for the error. Thus, even if there were a duty here, it would be unlikely that Plaintiff would be able to demonstrate any damage or injury.